Juan Carlos NUNEZ–SALDANA, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 08–73019.

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2012.[*]

Filed April 25, 2012.

Joubin Nasseri, Nasseri Law Group, Los Angeles, CA, for Petitioner.

OIL, Christopher C. Fuller, Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, PAEZ, and BEA, Circuit Judges.

*See* Fed. R.App. P. 34(a)(2).

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument.

MEMORANDUM **

Juan Carlos Nunez–Saldana, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), and we deny the petition for review.

Substantial evidence supports the agency's finding that, even if Nunez–Saldana's asylum application was timely, his one-time beating by political opponents and subsequent harassment did not rise to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975–76 (9th Cir.2009) (incidents including being "beaten by a mob of rioters" did not rise to the level of past persecution). Substantial evidence also supports the agency's finding that Nunez–Saldana failed to establish an objective basis for a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003) (petitioner's claims "too speculative to be credited as a basis for fear of future persecution"). Accordingly, Nunez–Saldana's asylum claim fails.

Because Nunez–Saldana failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

Finally, substantial evidence supports the agency's denial of CAT relief because Nunez–Saldana failed to show it is more likely than not he will be tortured with the consent or acquiescence of the government if returned to Peru. *See Wakkary*, 558 F.3d at 1067–68.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).